# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ETHAN RADVANSKY, *on behalf of himself and others similarly situated*, | ) <br> ) Civil Action No.: 1:25-cv-02810 <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| COMFORTWEAR COLLECTIONS INTERNATIONAL INC. | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## PLAINTIFF'S MOTION FOR ALTERNATE SERVICE AND FOR AN EXTENSION OF TIME TO FILE A CLASS CERTIFICATION MOTION

Plaintiff Ethan Radvansky requests leave to effect service on Defendant Comfortwear Collections International Inc. ("Comfortwear Collections" or "Defendant"), by multiple alternative means articulated herein which will be reasonably calculated to give Defendant notice of the proceeding against it.

Furthermore, the Plaintiff requests that he be able to file a motion for class certification at a time that is Ordered by the Court when a joint proposed Scheduling Order is issued.

## Background

Plaintiff commenced this action in May of 2025. Almost immediately thereafter, counsel for Plaintiff undertook diligent efforts to serve Defendant Comfortwear Collections International Inc. at multiple addresses obtained through the California Secretary of State, the Better Business Bureau and databases. Despite these efforts, service was unsuccessful. This motion follows.

## Legal Standard

Federal Rule of Civil Procedure 4(h) governs service of process on corporations such as Comfortwear Collections International Inc. In relevant part, Rule 4(h)(1) permits service either by delivering a copy of the summons and complaint to an officer, managing or general agent, or "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, allows service to be affected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because Defendant is a California corporation, it is subject to service by any method authorized by California law.

Under California law, service by publication may be authorized if, upon affidavit, it appears that the party to be served "cannot with reasonable diligence be served in another manner specified in this article," and that a cause of action exists

against the party or that they are a necessary or proper party to the action. Cal. Civ. Proc. Code § 415.50(a)(1) (Deering 2025). While the California Code does not expressly authorize service by email, it broadly permits court-directed alternative service where no other provision applies: "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. Proc. Code § 413.30 (Deering 2025).

To satisfy due process, any form of alternative service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950). Accordingly, service by electronic means, such as email, may be proper where it is likely to give actual notice and traditional methods have proven impracticable.

## Argument

Here, personal service is impracticable because the most recent address for Comfortwear Collections International Inc., as listed in its corporate filings with the California Secretary of State, does not appear to be currently occupied by the Defendant. Accordingly, it is impossible to serve process on Comfortwear

Collections via traditional methods. As the attached affidavit of nonservice indicate, counsel for the Plaintiff attempted service as summarized below:

>Date / Time: June 14, 2025, 11:47 am
>Address: 5215 S Boyle Ave, Vernon, CA 90058
>Description of attempt: Per front desk employee, John Lee, the subject does not conduct business or receive
>mail at the location.
>
>Date / Time: June 17, 2025, 11:24 am
>Address: 5215 S Boyle Ave, Vernon, CA 90058
>Description of attempt: Per receptionist, Jane Doe, who refused to provide a name the subject is unknown.
>
>Date / Time: June 18, 2025, 8:04 pm
>Address: 5215 S Boyle Ave, Vernon, CA 90058
>Description of attempt: No one was available at the front desk; waited around a few minutes; unable to make contact.
>
>Date / Time: June 19, 2025, 7:50 pm
>Address: 5215 S Boyle Ave, Vernon, CA 90058
>Description of attempt: No one was available at the front desk; waited around a few minutes; unable to make contact.
>
>Date / Time: June 28, 2025, 11:09 am
>Address: 10501 Valley Boulevard, Suite 1818, El Monte, CA 91731
>Description of attempt: Per an employee, John Doe, who refused to provide a name the subject does not conduct business or receive mail at the location.
>
>Date / Time: July 1, 2025, 11:39 am
>Address: 10501 Valley Boulevard, Suite 1818, El Monte, CA 91731
>Description of attempt: No answer at the door; no lights on inside; no noise inside; no movement inside; no visible delivery packages.
>
>Date / Time: July 2, 2025, 2:41 pm
>Address: 10501 Valley Boulevard, Suite 1818, El Monte, CA 91731
>Description of attempt: No answer at the door; no lights on inside; no noise inside; no movement inside; no visible delivery packages.

>Date / Time: July 3, 2025, 12:27 pm
>Address: 10501 Valley Boulevard, Suite 1818, El Monte, CA 91731
>Description of attempt: No answer at the door; no lights on inside; no noise inside; no movement inside; no visible delivery packages.

Traditional methods of serving Defendant are impracticable under the circumstances presented here because the current whereabouts of Defendant is unknown. Even the most reliable and up-to-date sources of information, including the defendant's corporate filings with the California Secretary of State, have proven inaccurate or outdated, rendering personal service impossible. Because, despite diligent efforts, Defendant's whereabouts remain unknown, it remains impossible to serve it personally or at his usual place of business or residence. Accordingly, Plaintiff should be permitted to serve Comfortwear Collections via e-mail. Alternative means of service are appropriate when a party has made "reasonably diligent," although unsuccessful, attempts to serve through traditional means and "the alternative method of service is reasonably calculated to notify the [defendant] and provide them with an opportunity to respond." This court has previously authorized service via email on a California-based business where the plaintiff demonstrated diligent but unsuccessful attempts at personal service. See *Glob. Impex, Inc. v. Specialty Fibres LLC*, 77 F. Supp. 3d 1268, 1269–71 (N.D. Ga. 2015) (authorizing service by email where defendant evaded personal service, and email was reasonably calculated to provide notice).

Furthermore, the Plaintiff attempted to send a Waiver of Service to the Defendant at the address listed on their website. *See* Exhibit 2. While that e-mail was delivered, no response was received. As such, the Plaintiff proposes to provide service via e-mail *and* will send via certified mail to the Registered Agent listed through the California Secretary of State website:

YE FANG, 10501 VALLEY BLVD SUITE 1818 EL MONTE, CA 91731

Finally, the Plaintiff filed this Class Action Complaint alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 on behalf of a national class. Pursuant to Local Rule 23.1(B), Plaintiff's Motion for Class Certification is currently due within 90 days from the filing of the lawsuit.

The Defendant has not yet responded to the complaint and the Plaintiff will need to conduct discovery and secure expert testimony before a motion for class certification can be filed. As such, the Plaintiff requests that the motion for class certification be filed at a time that is Ordered by the Court when a joint proposed Scheduling Order is issued. This Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.,* 263 F.3d 1234, 1269 (11th Cir. 2001); *see also, Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").

## Conclusion

For the foregoing reasons, the Court should permit Plaintiff to make alternative service of the Summons and Complaint through the methods indicated and be permitted to file a motion for class certification at a later time dictated by the entry of a Scheduling Order.

Respectfully submitted,
/s/ Anthony Paronich
PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

*Attorney for Plaintiff and proposed class*